**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CHRISTINE E. GRAY,<br><br>                Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>                Defendant. | 2:19-cv-02052-VCF<br><br>**ORDER** |

This matter involves Plaintiff's appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Gray's Motion for Reversal or Remand (ECF No. 17), the Commissioner of Social Security's Motion to Affirm (ECF No. 19), and Plaintiff's Reply In Support Of Motion For Reversal And/Or Remand And In Opposition To Defendant's Cross-Motion To Affirm; Memorandum Of Points And Authorities (ECF No. 21).  For the reasons stated below the Court GRANTS Gray's motion to reverse or remand and DENYS the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

Ninth Circuit precedent prohibits a reviewing court from making independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless. *Id*. District Court review is limited to the reasons the ALJ asserts. *Id*. If the ALJ fails to specify his reasons for finding a claimant's testimony not credible, a reviewing court will be unable to review those reasons meaningfully without improperly "substitut[ing] [its] conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Id*. (quoting *Treichler*, 775 F.3d at 1103). Because courts cannot engage in such substitution or speculation, such error will usually not be harmless.

## DISCUSSION

### I. Factual Background

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Gray suffered from a severe combination of impairments including complex regional pain syndrome (CRPS) and disorder of the right foot. (AR 23).[1] The ALJ examined relevant medical evidence

---

[1] AR signifies a citation to the administrative record.

including opinions and reports of treating physician Ada I. Vera, DPM, Simi VanCise, MD, opinions of State Agency psychological consultants, Phaedra Caruso-Radin, PsyD and Timothy Schumacher, PhD, State Agency medical consultants, Alan Coleman, MD and A. Heck, MD and records of medical treatment. (AR 20 - 32).  The ALJ found that Plaintiff Gray did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (AR 31-32).

The ALJ concluded that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows: she can never climb ropes, ladders, or scaffolds; she can perform all other postural occasionally; she must avoid concentrated exposure to chemicals and pulmonary irritants such as smoke, dust, fumes, odors, gases, and poorly ventilated areas; she must avoid concentrated exposure to hazardous machinery, unprotected heights, and operational control of moving machinery; she is limited to only occasional use of her right lower extremity to operate foot controls; she requires a cane to ambulate; and finally, she requires a sit/stand option which would allow her to work while sitting or standing, alternating between the two positions with the time in either position and the frequency of position change at the sole discretion of the employee.  (AR 26).

The ALJ found that Plaintiff is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). (AR 30).  The ALJ considered Plaintiff's age, education, work experience, and residual function capacity, and determined that there are jobs that exists in significant numbers in the national economy that the plaintiff can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a). (AR 30). The vocational expert testified that given all the factors stated by the ALJ, plaintiff would be able to perform the requirements of representative occupations such as:

> 1. Phone survey worker (DOT# 205.367-022, sedentary work, SVP 2) with 150,000 jobs in the national economy;

    2. Surveillance systems monitor (DOT# 379.367-010, sedentary work, SVP 2) with 50,00 jobs in the national economy; and

    3. Appointment clerk (DOT# 237.367-010, sedentary work, SVP 3) with 60,000 jobs at the unskilled level in the national economy according to the U.S. Department of Labor local area unemployment statistics, division of occupational employment statistics, and employment quarterly.

(AR 31).

The ALJ also found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019. (AR 23). Overall, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from May 21, 2015, through the date of the decision on August 28, 2018. (*Id*. at 32).

Plaintiff challenges the ALJ's finding based on the ALJ's adoption of the non-examining physician's opinion over the treating physician's assessment. (ECF NO. 17).

The Commission argues that the ALJ properly weighed the medical evidence, including evidence that Gray is not disabled. (ECF NO. 19).

**Discounting the Treating Physician's Opinion**

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). "The rationale for giving the treating physician's opinion special weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

In a disability determination a treating physician's opinion weighs more heavily than a non-treating physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). If the treating physician's opinion is uncontradicted it can only be rejected for "clear and convincing reasons."

*Id.* If the treating physician's opinion is contradicted it can only be rejected by providing "specific and legitimate reasons supported by substantial evidence in the record for doing so." *Id.* An ALJ can show specific and legitimate reasons by writing a "detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). An ALJ must explain his or her interpretations and offer more than just conclusions. *Id.*

However, the ALJ does not need to automatically accept a treating physician's opinion. If an ALJ opts to not give a treating physician's opinion controlling weight, the ALJ must apply the factors set out in 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6) in determining how much weight to give the opinion, including supportability and consistency with the medical record as a whole. When evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Opinions of non-treating or non-examining physicians constitute substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id.*

Here, the ALJ considered but did not give significant weight to treating physician Ada I. Vera, DPM.

Plaintiff states that the ALJ gave little weight to Dr. Vera's opinions. ( AR 28). The ALJ stated that Dr. Vera's assessed limitations are inconsistent with her contemporary treatment notes without providing specific and legitimate explanations for his reasonings. (AR 28). The ALJ noted that Dr. Vera's assessment showed Plaintiff has equal and symmetric bilateral lower extremity strength, intact deep tendon reflexes, normal ankle alignment and range of motion, normal foot structure, and normal

range of motion in the subtalar, metatarsal, and metatarsal-phalangeal joints despite some pain and decreased sensation. (AR 28 (citing AR 1393 and 1403-1404)). Based on Dr. Vera's assessment, the ALJ reached the conclusion that Plaintiff could walk at least two hours in an eight-hour workday with accommodations including a sit/stand option and a cane for ambulation and included this in Plaintiff's RFC.

Plaintiff argues that the ALJ's articulated reason is unsupported by substantial evidence. There is no substantial evidence that absence of the aforementioned clinical findings would correlate with a greater degree of functional abilities. Plaintiff argues that this is the ALJ's speculation, which is not substantial evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). As a lay person, "an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'" *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); and citing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).

The Commissioner states that "it was the ALJ's duty and role to determine whether Dr. Vera's opinion was consistent with other record evidence." 20 C.F.R. § 404.1527(c)(4). (ECF No. 19 at p. 9). The Commissioner also states that, "the ALJ is well suited to interpret medical findings in order to determine a claimant's residual functional capacity." *Id.*

The Court does not agree. Under Ninth Circuit precedent, in determining RFC, the ALJ must take into account the claimant's testimony regarding her capabilities and consider all relevant evidence, including medical records, lay evidence, and pain. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment."). This includes consideration of the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe. *See, e.g., Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013). The RFC assessment must

include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence.  Specific RFC findings as to what functions the claimant is capable of performing must be made by the ALJ.  Conclusory statements as to the claimant's abilities will not do.  Here, the ALJ did not sufficiently discuss the specific medical facts and nonmedical evidence in Dr. Vera's assessment, when he reached the conclusion in the RFC, that Plaintiff could walk at least two hours in an eight-hour workday with accommodations including a sit/stand option and a cane for ambulation.

Plaintiff argues that ALJ did not properly considered Dr. Vera's assessment that Plaintiff would be off-task more than 25% of the workday and miss more than four days.  (ECF No. 17).

The ALJ stated "there is little evidence in the record that the claimant would be off task greater than 25 percent of the workday or would miss more than four days per month. Upon exam, she was generally alert and oriented with intact attention, memory, and comprehension (Ex. 12F/30; 19F/53).  In addition, the record shows great improvement with narcotic medication and injections (Ex. 7F/2; 15F/1-2, 10)." (AR 29).  The ALJ did not provide any other reasoning beyond this when he applied less weight to Dr. Vera's opinion.

The Commissioner states that the ALJ found that because Plaintiff had mild limitation on concentration, persistence, and pace due to difficulty focusing as a result of CRPS and side effects of medication, and this is the reason why the ALJ concluded that "there is little evidence in the record that the claimant would be off task greater than 25 percent of the workday or would miss more than four days per month." (AR 24 and ECF No. 19 at p. 10).  The Court disagrees, Dr. Vera's assessment is not based any mental findings.

In reaching the RFC, the ALJ noted that Plaintiff demonstrated the ability to focus and persist her performance of daily activities, which included preparing meals, handling finances, reading, playing card games, and handling her own medical care.  (AR 24, 262-63, 279-81).  The Commissioner again states

1  this supports the ALJ conclusion that "there is little evidence in the record that the claimant would be off
2  task greater than 25 percent of the workday or would miss more than four days per month." (ECF No.
3  19). The court disagrees. The ALJ did not give any other reason on his conclusion. Plaintiff denied
4  psychiatric symptoms to Dr. Vera, who did not note any abnormal mental findings, which even the
5  Commissioner agrees on this point. (ECF NO. 19 at p. 10).

6  The Court finds that the ALJ did not provide specific and legitimate reasons for rejecting Dr.
7  Vera's assessment that Plaintiff would be off-task more than 25% of the workday and miss more than four
8  days. Dr. Vera's assessment of Plaintiff's health is not based any abnormal mental findings. The ALJ
9  rejected Dr. Vera's assessment that Plaintiff would be off-task more than 25% of the workday and miss
10  more than four days, based on the ALJ's opinions of Plaintiff's mental condition. (AR 29) (ECF N. 19 at
11  p. 10). Plaintiff clearly denied psychiatric symptoms to Dr. Vera, who did not take any mental findings
12  into consideration when she assessed that Plaintiff would be off-task more than 25% of the workday and
13  miss more than four days. (AR 1392-93, 1397-98, 1401, 1403, 1406-07, 1411-1416-17, 1421-22).

14  An ALJ must provide specific and legitimate reasons based on substantial evidence in the record
15  for rejecting an examining physician's opinion that is contradicted by another doctor. *Lester*, 81 F.3d at
16  830–31. The ALJ erred by not stating specific and legitimate reasons for rejecting treating physician
17  Vera's opinion; thus, this error affected Gray's residual functional capacity.

18  ACCORDINGLY,

19  IT IS HEREBY ORDERED that Plaintiff 's appeal from the Commissioner's final decision
20  denying her social security benefits. Before the Court is Gray's Motion for Reversal or Remand (ECF No.
21  17) is GRANTED and the Commissioner of Social Security's Motion to Affirm (ECF No. 19) is DENIED.
22  This action is REMANDED to the administrative law judge for further proceedings.
23  ///
24
25

1       The Clerk of Court is directed to enter final judgment in favor of Plaintiff and against the Defendant, reversing the final decision of the Commissioner.

DATED this 18th day of May, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE